Case 1:09-cv-02534-WSD Document 14 Filed 08/03/10 Page 1 of 8

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 3 0 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TROY J. BROWN, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1110596, EF 498514, | :: | 1:09-CV-02534-WSD-ECS |
| Petitioner, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| VICTOR WALKER, Warden, | :: | HABEAS CORPUS |
| Respondent. | :: | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S ORDER
## AND REPORT AND RECOMMENDATION

Petitioner, Troy J. Brown, a Georgia prisoner, challenges via 28 U.S.C. § 2254 the constitutionality of his May 2002 judgment of conviction in DeKalb County, Georgia. Now before the Court are the habeas petition [1] with supporting brief [3]; Respondent's Motion to Dismiss Petition for Lack of Exhaustion [6] with supporting brief [6-2] and exhibits [7, 8, 9, 10]; and Brown's motion for an evidentiary hearing [12].

I.  **Procedural History and Parties' Contentions**

In May 2002, a jury in the Superior Court of DeKalb County found Brown guilty of child molestation and aggravated child molestation. (Pet. [1] at 1.) On July 28, 2005, the Georgia Court of Appeals affirmed Brown's judgment of conviction. Brown v. State, 620 S.E.2d 394, 396 (Ga. Ct. App. 2005). On January 17, 2006, the

Georgia Supreme Court denied Brown's application for certiorari review. Brown v. State, No. S06C0113, 2006 Ga. LEXIS 33 (Ga. Jan. 17, 2006). In December 2006, Brown filed a state habeas petition (Resp't Ex. 2a [7-3]), which is still pending in state court.

Brown requests permission to be excused from the exhaustion requirement that applies in federal habeas corpus proceedings because in September 2009, when Brown filed his petition in this case, his state habeas petition had been pending for nearly three years without resolution. (Pet. at 14.) Brown asserts that his prior federal habeas petition, in Brown v. Frazier, Civil Action No. 1:08-CV-3060, was dismissed for failure to satisfy the exhaustion requirement after respondent assured this Court that Brown would have a hearing on his state habeas petition in June 2009. However, that hearing was cancelled due to Brown's multiple transfers between state prisons, and when Brown filed his petition in this case, the hearing had yet to be held. Brown contends that the "pattern is clear that [his] due process rights can't or won't be protected unless this court will step in to provide a fair venue for" him. (Id. at 14-15.)

Respondent argues that because Brown's state habeas proceedings are ongoing and many of his federal habeas claims are unexhausted, Brown's federal habeas petition should be dismissed without prejudice pending the exhaustion of all of his

federal claims in state court. (Resp't Br. [6-2] at 1-2.) Respondent acknowledges that "the initial delay in hearing [Brown's] state habeas corpus case should not have occurred, but the case has since been heard in January 2009 which afforded [Brown] the opportunity to factually develop his claims, and at which [Brown's] former appellate counsel testified." (Id. at 5.) Although "[a] second hearing was scheduled for June 9, 2009, [it] was continued as [Brown] was unavailable for the hearing due to his hospitalization." (Id.) Respondent notes in his brief, however, that the second hearing "has since been rescheduled for January 6, 2010." (Id.) In fact, the hearing was held as scheduled, and Respondent has filed in this Court the transcript of that hearing, with attached exhibits [10-2, 10-3].

## II.  Discussion

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). Furthermore, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has

3

presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"Many courts have recognized that a state convict is relieved of his obligation to exhaust his state remedies whenever there has been excessive and unjustified delay in the disposition of his state direct or post-conviction remedy proceeding." Harris v. Champion, 938 F.2d 1062, 1064-65 (10th Cir. 1991) (internal quotations omitted) (citing cases from the Second, Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits). Eleventh Circuit precedent recognizes that "an inordinate and unjustified delay in the state corrective process may well result in the frustration of petitioner's rights and be such a circumstance as to render that process ineffective." Rheuark v. Wade, 540 F.2d 1282, 1283 (5th Cir. 1976).[1] However, the Eleventh Circuit has affirmed the dismissal of a federal habeas petition for lack of exhaustion because,

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting "the decisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], as . . . binding . . . precedent in the Eleventh Circuit").

4

despite a previous "eight-year delay" in the disposition of the petitioner's state habeas petition, "it would be inappropriate to waive the exhaustion requirement where the petitioner has a viable state procedure available at the same time he files his federal petition." Hughes v. Stafford, 780 F.2d 1580, 1581-82 (11th Cir. 1986). See also Jackson v. Walker, 206 F. App'x 967, 968 (11th Cir. 2006) (citing Hughes, 780 F.2d at 1581, for proposition that "a district court should only 'in rare instances . . . deviate from the exhaustion requirement'"); Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (affirming dismissal of federal habeas petition for lack of exhaustion because petitioner's direct appeal appeared to be "moving forward" in state court).

Although there may have been unreasonable and unexplained delays in adjudicating Brown's state habeas petition, the proceedings on that petition appear to be moving forward – all of the scheduled hearings have been completed, and Brown is awaiting a decision from the state habeas court on his currently unexhausted claims. Therefore, because Brown's state habeas case is "moving forward" and he has remedies available in state court that are unexhausted and that have not been rendered ineffective by the passage of time, this case is not one of those "rare instances" where the exhaustion requirement can be waived.

5

### III.  Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to" a habeas petitioner. Rule 11(a) of the Rules Governing Section 2254 Cases (also providing that "[i]f the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22").

A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)). "When the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, as here, a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, _ U.S. _, 129 S. Ct. 681, 684 n.3 (2009) (internal quotations omitted) (citing Slack, 529 U.S. at 484).

The undersigned concludes, based on the foregoing, that no reasonable jurist could argue that Brown's federal habeas petition be allowed to proceed on the merits before Brown has exhausted his state remedies. Accordingly, the undersigned recommends that Brown be denied a COA.

## IV.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss Petition for Lack of Exhaustion [6] be **GRANTED**; Brown's habeas corpus petition [1] be **DISMISSED WITHOUT PREJUDICE**; Brown's motion for an evidentiary hearing [12] be **DENIED AS MOOT**; and Brown be **DENIED** a certificate of appealability.

The Clerk **SHALL** terminate the referral to the Magistrate Judge.

7

IT IS SO ORDERED AND RECOMMENDED this 30th day of July, 2010.

_____
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

8