IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TROY BROWN,

                      Petitioner,

v.                                         1:09-cv-2534-WSD

VICTOR WALKER, Warden,

                      Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Report and Recommendation ("R&R") [6] regarding Petitioner Troy Brown's Calhoun's ("Petitioner") Petition for Writ of Habeas Corpus [1]. The Magistrate Judge recommended that the Petition be dismissed without prejudice because Petitioner has not exhausted his administrative remedies. Petitioner did not file objections to the R&R, but has requested an evidentiary hearing. [12, 13, 15].[1]

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Rule 59 of the Federal

---

[1] After a careful review of the record, the Court finds that there is not any need to conduct any hearings regarding this matter. Petitioner's request for a hearing is denied.

Rules of Criminal Procedure; Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because no objections were filed, the Court reviews the R&R for plain error.

Petitioner concedes he has not exhausted his state administrative remedies, but requests to be excused from the exhaustion requirement because his state habeas petition has been pending for nearly four years without resolution. "A federal *habeas* petitioner need not wait until his state petition[] for relief [is] exhausted, if the state court has unreasonably or without explanation failed to address [the] petition[] for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991), cert. denied, 503 U.S. 938 (1992). There is no single standard for evaluating what constitutes an unreasonable delay. See id. The Eleventh Circuit

has held that even lengthy delays may be justifiable if the State is currently "moving forward" with the petitioner's state proceedings. Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005). See also, Cook v. Florida Parole and Probation Commission, 749 F.2d 678, 680 (11th Cir. 1985) (finding three-and-on-half year delay not "so unreasonable and unjustified as to excuse the § 2254 exhaustion requirements"), Hughes v. Stafford, 780 F.2d 1580, 1581-82 (11th Cir. 1986) (refusing to waive exhaustion despite eight-year delay).

The Magistrate Judge correctly noted that while there have been "unreasonable and unexplained delays" in adjudicating Petitioner's state habeas petition, the proceedings on that petition are now moving forward. All of the scheduled hearings on that petition have now been completed, and Petitioner is awaiting a decision from the state court on his unexhausted claims. Fundamental to the federal habeas petition process is that a federal habeas petition ordinarily should not be considered until the state court has had an opportunity to rule on Petitioner's habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To allow simultaneous federal and state habeas proceedings would offend the principles of comity that form the basis for the exhaustion requirement. See Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983). The Petition in this case presents unexhausted claims. On the facts here, the Court concludes this

action should be dismissed without prejudice so that the state habeas proceeding may be exhausted.

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a habeas petition. If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

For a certificate to issue based on a procedural dismissal, a reasonable jurist must find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court agrees with the Magistrate Judge that Petitioner has not demonstrated that a reasonable jurist could debate whether the petition presents a valid claim of the denial of constitutional rights or whether the Court was correct in its procedural ruling. A certificate of appealability is required to be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [14] is **ADOPTED** and Petitioner Troy Brown's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner Troy Brown's Motions for Hearings are **DENIED** [12, 13, 15].

**IT IS FURTHER ORDERED** that Petitioner Troy Brown is **DENIED** a certificate of appealability.

**SO ORDERED** this 31st day of August, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE